UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

LEODAN CABRERA,
and other similarly situated individuals,

      Plaintiff (s),

v.

LEO PREMIER HOMES LLC,
d/b/a LEO ROOFING & CONSTRUCTION,
and FRANK LEO, individually

      Defendants.

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff LEODAN CABRERA and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants LEO PREMIER HOMES LLC, d/b/a LEO ROOFING & CONSTRUCTION, and FRANK LEO, individually and alleges:

1. This is an action to recover money damages for unpaid wages, failure to pay overtime and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff LEODAN CABRERA is a resident of Palm Beach County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant LEO PREMIER HOMES LLC, d/b/a LEO ROOFING & CONSTRUCTION (from now on, LEO ROOFING & CONSTRUCTION, or Defendant) is a Florida Profit Corporation having a place of business in Palm Beach County, Florida.  Defendant is engaged in interstate commerce.

4. The individual Defendant FRANK LEO was and is now the owner/partner and operator of LEO ROOFING & CONSTRUCTION. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Palm Beach County, Florida, within this Court's jurisdiction.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff LEODAN CABRERA as a collective action to recover from Defendants minimum wages, overtime compensation, liquidated damages, retaliatory damages, and the costs of reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after June 2020 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant LEO ROOFING & CONSTRUCTION is a construction company specialized in residential and commercial roofing and general construction work.

8.  Defendants LEO ROOFING & CONSTRUCTION and FRANK LEO employed Plaintiff LEODAN CABRERA as a driver and construction laborer, from approximately June 20, 2020, through December 19, 220, or 26 weeks.

9.  Plaintiff was a non-exempted, full-time employee.   During the relevant employment period, Plaintiff was paid at the rate of $225.00 daily.

10. Plaintiff's duties consisted of picking up from suppliers roofing construction materials and delivering these supplies to Defendants' worksites.  Plaintiff also had additional duties such as cleaning, disposing of construction debris, and general construction work.

11. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week from Mondays to Saturdays. Plaintiff worked minimum from 7:00 AM to 6:00 PM (11 hours daily), and he completed an average of 61 hours in a week. Plaintiff was unable to take bonafide lunch breaks.

12. Plaintiff worked more than 40 hours every week. Nevertheless, he was paid $1,350 weekly ($225.00 x 6 days=$1,350.00) regardless of the number of hours worked during the week.

13. The Defendants did not maintain a time-keeping method. Plaintiff did not clock in and out, but Defendants were able to track Plaintiff's hours because Plaintiff and other similarly situated owner FRANK LEO constantly monitored employees.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Also, Plaintiff was not paid regular wages for approximately five weeks. Plaintiff accumulated between October and November 2020 unpaid regular wages for the total amount of $6,750.00 ($1,350.00 weekly x 5 weeks=$6,750.00).

16. Plaintiff was paid strictly in cash without any record or paystub showing the number of days and hours worked, wage rate, employees' taxes deducted, etc.

17. Plaintiff was not in agreement with the irregular payment of his wages and the lack of payment for overtime hours, and he complained to the owner of the business FRANK LEO several times. Defendant FRANK LEO always answered: "I will fix it later."

18. On or about December 19, 2020, Plaintiff had not received his backed-up regular wages, and he complained to the owner of the business FRANK LEO once again. Plaintiff requested to be paid his accumulated five weeks unpaid wages and overtime hours. This time, the owner FRANK LEO, got very upset and fired Plaintiff on the spot.

19. On or about December 19, 2020, Defendants fired Plaintiff. There was no reason to fire Plaintiff other than retaliation for his complaints about overtime and unpaid wages.

20. Plaintiff LEODAN CABRERA seeks to recover accumulated regular wages for the value of $6,750.00, unpaid overtime hours, retaliatory damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked more than forty (40) hours during one or more workweeks during the relevant period, but who did not receive minimum

wages and payment at one and one-half times their regular rate for their hours worked over forty (40) hours.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>

22. Plaintiff LEODAN CABRERA re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. Plaintiff LEODAN CABRERA brings this action, and those similarly situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

24. The employer LEO ROOFING & CONSTRUCTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of

Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

25. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Also, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time during business. Therefore, there is individual coverage.

26. Defendants LEO ROOFING & CONSTRUCTION and FRANK LEO employed Plaintiff LEODAN CABRERA as a driver and construction laborer, from approximately June 20, 2020, through December 19, 2020, or 26 weeks.

27. Plaintiff was a non-exempted, full-time employee.  During the relevant employment period, Plaintiff's regular wage rate was $225.00 daily.

28. The Plaintiff's duties consisted of picking up from suppliers, constructing materials, and delivering these supplies to Defendants' worksites.  Plaintiff also had additional duties such as cleaning, disposing of construction debris, and general construction work.

29.  While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week from Mondays to Saturdays, a total of 61 hours.  Plaintiff was unable to take bonafide lunch breaks.

30. Plaintiff worked more than 40 hours every week. Nevertheless, he was not paid for overtime hours.

31. Defendants did not maintain a timekeeping method, Plaintiff did not clock in and out, but Defendants were able to track the hours worked for Plaintiff because Plaintiff and other similarly situated employees were constantly monitored by owner FRANK LEO.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid strictly in cash without any record or paystub showing the number of days and hours worked, wage rate, employees' taxes deducted, etc.

34. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the Defendants' possession and custody.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

\*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid overtime, based on his best recollections.  Plaintiff will amend his calculations after proper discovery.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

        Six Thousand Forty-Four Dollars and 22/100 (6,044.22)

    b.  <u>Calculation of such wages</u>:

        Total weeks of employment: 26 weeks
        Relevant number of weeks: 26 weeks
        Total hours worked: 61 hours weekly
        Overtime hours weekly: 21 O/T hours weekly
        Wage rate: $225.00 daily x 6 days=$1,350.00: 61 hours weekly=$22.14
        Regular rate: $22.14 an hour x 1.5= $33.21
        O/T rate: $33.21-$22.14 rate paid = $11.07 half-time O/T difference

        Half-time O/T $11.07 x 21 O/T hours=$232.47 weekly x $6,044.22

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

        This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for hours worked over forty.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. At the times mentioned, individual Defendant FRANK LEO was, and is now, the owner/director and manager of Defendant Corporation LEO ROOFING & CONSTRUCTION. Individual Defendant FRANK LEO had absolute operational control of LEO ROOFING & CONSTRUCTION. Individual Defendant FRANK LEO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of LEO ROOFING & CONSTRUCTION in relation to its employees, including Plaintiff and others similarly situated, and he is jointly and severally liable for Plaintiff's damages.

41. Defendants LEO ROOFING & CONSTRUCTION and FRANK LEO willfully and intentionally refused to pay Plaintiff LEODAN CABRERA overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. Plaintiff seeks to recover for unpaid overtime wages accumulated from hire to his last day of employment.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LEODAN CABRERA and those similarly situated respectfully request that this Honorable Court:

A.   Enter judgment for Plaintiff LEODAN CABRERA and other similarly situated and against the Defendants LEO ROOFING & CONSTRUCTION and FRANK LEO, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.   Award Plaintiff LEODAN CABRERA an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff LEODAN CABRERA reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff LEODAN CABRERA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

44. Plaintiff LEODAN CABRERA re-adopts every factual allegation as stated in paragraphs 1-21 of this Complaint as if set out in full herein.

45. This action is brought by Plaintiff LEODAN CABRERA and those similarly situated to recover from the Employer LEO ROOFING & CONSTRUCTION unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

46. The employer LEO ROOFING & CONSTRUCTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

47. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in

interstate commerce. Also, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

48. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

49. Defendants LEO ROOFING & CONSTRUCTION and FRANK LEO employed Plaintiff LEODAN CABRERA as a driver and construction laborer, from approximately June 20, 2020, through December 19, 2020, or 26 weeks.

50. Plaintiff was a non-exempted, full-time employee. During the relevant employment period, Plaintiff's regular wage rate was $225.00 daily.

51. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week from Mondays to Saturdays, a minimum average of 61 hours in a week. Plaintiff was unable to take bonafide lunch breaks.

52. Plaintiff worked more than 40 hours every week. However, for approximately five weeks, Plaintiff was not paid for a substantial number of hours regular wages at any rate, not even the minimum wage as required by law. Defendants did not pay Plaintiff wages of $6,750.00, which is the equivalent to 5 weeks plus four days

working days ($1,350.00 weekly x 5 weeks= $6,750. These unpaid wages were accumulated during October and November 2020.

53. Defendants did not maintain a time-keeping method. Plaintiff did not clock in and out, but Defendants were able to track the hours worked for Plaintiff because Plaintiff and other similarly situated employees were constantly monitored by owner FRANK LEO.

54. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

55. Plaintiff was paid strictly in cash, without any record or paystub providing basic information about the number of days and hours worked, wage rate, employees' taxes withheld, etc.

56. The records, if any, concerning the number of hours worked by Plaintiff LEODAN CABRERA and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

57. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Two Thousand Six Hundred Ten Dollars and 80/100 ($2,610.80)

b. <u>Calculation of such wages</u>:

Total relevant weeks of employment: 26 weeks
Total unpaid weeks:   5 weeks
Total hours worked: 61 hours
Federal minimum wage:  $7.25
Florida minimum wage 2020:  $8.56

2020 Fl. min. wage $8.56 x 61 hrs.= $522.16 weekly x 5 weeks=$2,610.80

c. <u>Nature of wages</u>:

This amount represents unpaid minimum wages.

59. Defendant LEO ROOFING & CONSTRUCTION unlawfully failed to pay Plaintiff minimum wages.   Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last employment date.

60. Defendant LEO ROOFING & CONSTRUCTION knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

61. At times mentioned, individual Defendant FRANK LEO was, and is now, the owner/director and manager of Defendant Corporation LEO ROOFING & CONSTRUCTION. Individual Defendant FRANK LEO had absolute operational control of LEO ROOFING & CONSTRUCTION, and he is jointly liable for Plaintiff's damages.   Individual Defendant FRANK LEO was the employer of

Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].  In that, individual Defendant FRANK LEO acted directly in the interest of LEO ROOFING & CONSTRUCTION concerning its employees, including Plaintiff and others similarly situated, and he is jointly liable for Plaintiff's damages.

62. Defendants LEO ROOFING & CONSTRUCTION, and FRANK LEO willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LEODAN CABRERA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff LEODAN CABRERA and against the Defendants LEO ROOFING & CONSTRUCTION, and FRANK LEO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

JURY DEMAND

Plaintiff LEODAN CABRERA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS**

63. Plaintiff LEODAN CABRERA re-adopts every factual allegation as stated in paragraphs 1-21 of this Complaint as if set out in full herein.

64. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

65. The employer LEO ROOFING & CONSTRUCTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

66. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce. In addition, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

67. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

68. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours above forty at the rate of at least one and one-half times the employee's regular rate…"

69. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

70. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

71. Defendants LEO ROOFING & CONSTRUCTION and FRANK LEO employed Plaintiff LEODAN CABRERA as a driver and construction laborer, from approximately June 20, 2020, through December 19, 2020, or 26 weeks.

72. Plaintiff was a non-exempted, full-time employee.   During the relevant employment period, Plaintiff's regular wage rate was $225.00 daily.

73. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week from Mondays to Saturdays, an average of 61 hours weekly.

74. Plaintiff worked more than 40 hours every week. Nevertheless, he was not paid for overtime hours. were not paid at any rate, not even the minimum wage rate.

75. In addition, during October and November 2020, Plaintiff was not paid his regular wages for a total of 5 weeks.

76. Defendants did not maintain a time keeping method. Plaintiff did not clock in and out, but Defendants were able to track the hours worked for Plaintiff because Plaintiff and other similarly situated employees were constantly monitored by owner FRANK LEO.

77. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

78. Plaintiff was not paid for a substantial number of hours regular wages at any rate, not even the minimum wage required by law.  Defendants did not pay Plaintiff wages in the amount of $6,750.00, equivalent to 5 weeks ($1,350.00 weekly x 5 weeks=$6,750.00).

79. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours in violation of the Fair Labor Standards Act.

80. Plaintiff was not in agreement with the lack of payment for overtime hours, and with the missing payment of his regular wages and he complained to the owner of

the business FRANK LEO several times. Defendant FRANK LEO always answered: "I will fix it later".

81. These complaints constituted protected activity under the Fair Labor Standards Act.

82. On or about December 19, 2020, Plaintiff had not received his backed-up regular wages, and he complained to the owner of the business FRANK LEO once again. Plaintiff requested to be paid his accumulated five weeks of regular wages and overtime hours.

83. This Complaint constituted protected activity under the Fair Labor Standards Act.

84. However, this time, the owner FRANK LEO, got very upset and fired Plaintiff on the spot.

85. On or about December 19, 2020, after Plaintiff complained about unpaid wages, Defendants fired Plaintiff.

86. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment.

87. On or about December 19, 2020, the Plaintiff was terminated by Defendants. This adverse employment action against Plaintiff LEODAN CABRERA by the Defendants was directly and proximately caused by Defendants' unjustified retaliation because of Plaintiff's complaints about overtime payment and regular wages in violation of Federal Law.

88. Moreover, Plaintiff's termination came right after Plaintiff's participation in protected activity on or about December 19,

89. At times mentioned, individual Defendant FRANK LEO was, and is now, the owner/director and manager of Defendant Corporation LEO ROOFING & CONSTRUCTION. Individual Defendant FRANK LEO had absolute operational control of LEO ROOFING & CONSTRUCTION, and he is jointly liable for Plaintiff's damages.  Individual Defendant FRANK LEO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of LEO ROOFING & CONSTRUCTION concerning its employees, including Plaintiff and others similarly situated. He is jointly and severally liable for Plaintiff's damages.

90. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

91. Plaintiff LEODAN CABRERA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LEODAN CABRERA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants LEO ROOFING & CONSTRUCTION and FRANK LEO that Plaintiff LEODAN CABRERA recovers compensatory, damages

and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C.  That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendants LEO ROOFING & CONSTRUCTION and FRANK LEO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff LEODAN CABRERA further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff LEODAN CABRERA demands trial by a jury of all issues triable as of right by a jury.

DATED:  March 23, 2021

Respectfully Submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*